IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LORI REYNOLDS,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHELE J. ROMERO, in her individual capacity, et al.,<br><br>    Defendants. | 4:25-CV-3197<br><br>ORDER |

  This matter is before the Court on defendant Michele Romero's motion (filing 28) to set aside the clerk's entry of default (filing 27). Romero's motion will be granted.

  The procedural history of this case is somewhat convoluted. The plaintiff filed her complaint (filing 1) on September 29, 2025. Summons was issued the next day. Filing 8. On October 14, the plaintiff filed a "certificate of service" (filing 11) indicating an attempt at service on October 9. But the Court found, in an order filed November 4, that her service attempt did not appear to comply with Fed. R. Civ. P. 4. Filing 16 at 2. Accordingly, the Court ordered the clerk's office to reissue the summons and forward it to the United States Marshals Service for service. Filing 16 at 2-3. The reissued summons was served by the marshal on November 13, and the summons was returned executed on November 20. Filing 21.

  But apparently, the plaintiff had tried again with the first summons. On November 24, she filed a motion for clerk's entry of default (filing 26), accompanied by a sheriff's return of personal service indicating service by the Buffalo County Sheriff on October 24. Filing 26-1. Accordingly, the Clerk of the Court entered Romero's default on November 26. Filing 27. Romero's motion to set aside the default followed the next day. Filing 28.

Fed. R. Civ. P. 55(c) provides that the Court "may set aside an entry of default for good cause. . . ." When examining whether good cause exists, the Court weighs whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused. *Stephenson v. El-Batrawi,* 524 F.3d 907, 912 (8th Cir. 2008). And although the same factors are typically relevant in deciding whether to set aside entries of default and default judgments, relief from a default judgment requires a stronger showing of excuse than relief from a mere default order. *Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 783 (8th Cir. 1998).

Here, Romero's explanation for default is that the plaintiff's first service attempt was defective, and that her actual responsive pleading deadline was 21 days from the marshal's service on November 13—in other words, December 4. Filing 28 at 1. So, she asserts, "the Court's Entry of Default is a clerical error." Filing 28 at 1. The Court isn't sure about that. The Court found the plaintiff's October 9 attempt at service defective, but said nothing about October 24. *See* filing 16. The only thing Romero says was wrong with the October 24 service is that the Court had the summons reissued *after* that. Filing 29 at 3. The legal effect of reissuing the summons, after it had already been served by the sheriff, is unclear.

But the Court agrees with Romero that the confusion resulting from repeated service of reissued summons is good cause to excuse any default. *See* filing 29 at 3-4. The circumstances belie any "contumacious or intentional delay or disregard for deadlines and procedural rules." *See Johnson,* 140 F.3d at 784. Romero should not be blamed for relying on a summons that plainly told her she had 21 days from the date of service—21 days from November 13—to respond. *See* filing 17 at 5; filing 21 at 2. Romero has also made sufficient showing of a meritorious defense, *see* filing 30-2, and there is no basis for

concluding that the plaintiff has been prejudiced in a "concrete way," *see Stephenson,* 524 F.3d at 915, given that "prejudice may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits." *Johnson,* 140 F.3d at 785.

Default judgments are not favored by the law, and the entry of default judgment should be a rare judicial act. *See Comiskey v. JFTJ Corp.,* 989 F.2d 1007, 1009 (8th Cir. 1993); *U.S. on Behalf of & for Use of Time Equip. Rental & Sales, Inc. v. Harre,* 983 F.2d 128, 130 (8th Cir. 1993). The circumstances here do not warrant default judgment, so Romero's default will be set aside.

IT IS ORDERED:

1. Romero's motion to set aside entry of default (filing 28) is granted.

2. The Clerk's Entry of Default (filing 27) is set aside.

3. The plaintiff's motion for default judgment (filing 32) is denied as moot.

4. Romero shall plead or otherwise respond to the plaintiff's complaint on or before December 4, 2025.

Dated this 26th day of November, 2025.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Senior United States District Judge

3