IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LORI REYNOLDS,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>MICHELE J. ROMERO, in her<br>individual capacity, et al.,<br><br>　　　　　Defendants. | 4:25-CV-3197<br><br><br>ORDER |

This matter is before the Court on defendant Jody L. Angel-Trejo's motion (filing 64) to set aside the clerk's entry of default (filing 63). Angel-Trejo's motion will be granted.

The convoluted procedural history of this case was set forth in the Court's previous order (filing 34) setting aside another defendant's default. Angel-Trejo relies on the same confusion as a basis for setting aside her default. *See* filing 66.

Fed. R. Civ. P. 55(c) provides that the Court "may set aside an entry of default for good cause. . . ." When examining whether good cause exists, the Court weighs whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused. *Stephenson v. El-Batrawi*, 524 F.3d 907, 912 (8th Cir. 2008). And although the same factors are typically relevant in deciding whether to set aside entries of default and default judgments, relief from a default judgment requires a stronger showing of excuse than relief from a mere default order. *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998).

Angel-Trejo's argument is undercut by the fact that while she received multiple summons, her response was belated as to any of them. But it is

understood that relief from a default may be available even when the failure to comply with the filing deadline is attributable to negligence. *Ceridian Corp. v. SCSC Corp.*, 212 F.3d 398, 403 (8th Cir. 2000). And the Eighth Circuit draws a distinction between contumacious or intentional delay or disregard for deadlines and procedural rules, and a "'marginal failure'" to meet pleading or other deadlines. *Johnson*, 140 F.3d at 784. There is no evidence that Angel-Trejo acted in bad faith, and while her response came well after the responsive pleading deadline, it came only a few days after the notice of entry of default.

The plaintiff asserts that "Defendant states only that she 'intends to pursue dismissal of multiple unmeritorious or improper claims'. Defendant has failed to tender a proposed Answer as required to demonstrate a meritorious defense[.]" Filing 68 at 2 (quoting filing 64 at 1). That overlooks two things: (1) The detailed explanation in Angel-Trejo's brief of the defenses she intends to pursue, *see* filing 65 at 3, and (2) the actual legal standard for proffering a meritorious defense, which requires "a sufficient elaboration of facts or evidence to permit the district court to determine whether, if believed, the defenses were meritorious." *Stephenson*, 524 F.3d at 914. The Court finds that the legal arguments suggested by Angel-Trejo are sufficiently cognizable legal defenses to some if not all of the plaintiff's claims, raising a reasonable "possibility that the outcome after a full trial will be contrary to the result achieved by the default." *Id.* (quotation omitted).

The plaintiff also argues that she will be prejudiced by setting aside the default, because she will face further delay and "piecemeal litigation with additional rounds of briefing and discovery." Filing 68 at 2. But "prejudice may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits." *Johnson*, 140 F.3d at 785.

Default judgments are not favored by the law, and the entry of default judgment should be a rare judicial act. *See Comiskey v. JFTJ Corp.*, 989 F.2d

1007, 1009 (8th Cir. 1993); *U.S. on Behalf of & for Use of Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993). "Put simply, there is a judicial preference for adjudication on the merits." *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015) (citation omitted). This case will be adjudicated on the merits. Accordingly,

IT IS ORDERED:

1.   Angel-Trejo's motion to set aside entry of default (filing 64) is granted.

2.   The Clerk's Entry of Default (filing 63) is set aside.

3.   Romero shall plead or otherwise respond to the plaintiff's complaint on or before March 6, 2026.

Dated this 26th day of February, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

3